Ronald D. Coleman (RC 3875)
Marcus A. Nussbaum (MA 9581)
GOETZ FITZPATRICK LLP
One Penn Plaza – Suite 4401
New York, NY   10119
212.695.8100
rcoleman@goetzfitz.com
mnussbaum@goetzfitz.com
*Attorneys for Plaintiff*
*Grand Fia, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAND FIA INC., <br><br> *Plaintiff,* <br><br> – *vs.* – <br><br> AVDULJ HAKAKIN and FAMOUS GIOVANNI'S, INC., <br><br> Defendants. | Civil Action No. <br> 1:11-cv-02578-PGG <br><br> **PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff Grand Fia, Inc., ("GFI"), by its attorneys, Goetz Fitzpatrick LLP, submits the following proposed findings of fact and conclusions of law on default of Defendants, per order of the Court:

**A.     The Parties**

1.      Plaintiff GFI is a New York corporation with its primary place of business at 579 Grand Concourse, Bronx, New York.

2.      Defendant Avdulj Hakakin resides at 7032 4th Avenue, Brooklyn, New York.

3.      Defendant Famous Giovanni's, Inc. is a New York corporation with its primary place of business at 2537 Webster Avenue, Bronx, New York.

4.      Defendant Hakakin is a former employee of Grand Fia and is vice president of

Famous Giovanni's, Inc.

**B.** **Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1367.

6.      This Court has personal jurisdiction over the all the Defendants because they reside in or transact business in this District.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District and because Defendant Famous Giovanni's, Inc. is a New York State corporation whose contacts would be sufficient to subject it to personal jurisdiction if this District were a separate State.

**C.** **Background on GFI and its Mark**

8.      GFI and its predecessors in interest have owned and operated one or more Giovanni Restaurants in New York City since 1974.

9.      GFI's restaurant on the Grand Concourse, featuring authentic Italian cuisine, an expansive take-out menu, free delivery, and an inviting, authentic South Bronx vintage-style and distinctive dining environment, is located at 579 Grand Concourse in the Bronx.

10.      Another affiliated Giovanni restaurant is located at 80 West Fordham Road in the Bronx and features similar menu offerings and services in a more casual environment.

11.      By virtue of Defendants' default, it is deemed admitted by them that, as alleged, both Giovanni pizzeria restaurants operate pursuant to consistent quality control standards and jointly engage in marketing, promotion and advertising building on the goodwill and brand

recognition in plaintiff's GIOVANNI name and trademark ("the Mark") in the metropolitan area.

12.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, the unique style and offerings of the Giovanni Restaurants and their status as icons throughout the area have been acknowledged in publications such as the New York Times, the New York Post and Wired magazine.

13.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, GFI has built on the decades of consumer goodwill in the GIOVANNI name in association with the goods and services provided by plaintiff's Giovanni restaurants in the metropolitan New York area with a sustained multimedia program of marketing, advertising and promotion reaching New York, New Jersey and Connecticut at the cost of hundreds of thousands of dollars over the last few years alone.

14.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, plaintiff's GIOVANNI Restaurants are also promoted, and do business, by means of an Internet website located at http://giovanninyc.com/, which is accessible worldwide.

15.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, based on GFI's extensive advertising and promotion utilizing the under the GIOVANNI name and trademark, its extensive sales and the wide popularity of the GIOVANNI restaurants, goods or services sold utilizing the GIOVANNI trademark are immediately associated by purchasers and the public as originating from or being affiliated, connected, associated, sponsored or approved by the Giovanni restaurants operated or authorized by GFI and using the Mark.

16.     By virtue of the foregoing, the GIOVANNI name and trademark have acquired a secondary meaning throughout the metropolitan New York area and in interstate commerce.

D.    **Defendants' Infringing Use of the Mark**

17.     Defendant Avdulj Hakakin ("Hakakin") was at one time employed by plaintiff in one of its Giovanni restaurants as a waiter. He left GFI's employ in early 2009.

18.     Shortly after leaving his position at GFI's Giovanni restaurant in 2009, Hakakin incorporated the corporate Defendant Famous Giovanni's, Inc. (the "Corporate Defendant") with intentional disregard of plaintiff's rights and with the intent to compete unfairly with GFI and to deceive the public by operating new pizzeria restaurants utilizing the GIOVANNI trademark.

19.     Neither Defendant Hakakin nor any person involved with Defendant Hakakin in the operation of defendants' restaurant is named Giovanni.

20.     Neither Defendant Hakakin nor any person acting with Defendant Hakakin in the operation of defendants' restaurant has a personal or familial relationship with any person named Giovanni.

21.     Neither Defendant Hakakin nor any person acting with Defendant Hakakin has ever operated a pizzeria restaurant or other business under the name Giovanni in any place prior to the time when Defendants' infringing activities began.

22.     Neither Defendant Hakakin nor any person acting with Defendant Hakakin has any reason to use the name GIOVANNI to operate a pizzeria restaurant such that could provide an innocent explanation for Defendants' selection of plaintiff's GIOVANNI trademark as the name for their pizzeria restaurant, opened in the same neighborhoods as the pizza restaurants in which Hakakin's former employer, GFI, operates its affiliated restaurants.

23.     Defendants acted as set forth above for the sole and unlawful purpose, including by the deceptive use of the term "Famous" in the corporate name of Defendant "Famous Giovanni's, Inc.," in order to deceive consumers into believing that both his restaurants and his

4

business were the "famous" GIOVANNI pizzeria restaurants associated by the public with the restaurants operated by GFI and its predecessors in interest in the South Bronx.

24.     By virtue of Defendants' default, it is deemed admitted by them that, as alleged, plaintiff's GIOVANNI mark is used extensively in connection with plaintiff's sale of pizza and promotion of its business selling pizza.

25.     By virtue of Defendants' default, it is deemed admitted by them that, as alleged, shortly after the formation of the Corporate Defendant, Defendants began to offer pizza and other food for sale and delivery in New York, first from a storefront from located approximately ten blocks from one of GFI's pizzeria restaurants and eventually from numerous other locations throughout the Bronx utilizing the trademark FAMOUS GIOVANNI'S PIZZA (the "Infringing Mark").

26.     By virtue of Defendants' default, it is deemed admitted by them that, as alleged, defendants intensified their program of deception and unfair competition by utilizing for their establishment storefront featuring signage and an awning almost identical in design, shape, and color, and utilizing similar graphical elements and typeface, as that utilized and made famous by GFI at one of its GIOVANNI restaurants merely blocks from Defendants' new business, as set forth in Figures A and B of the Complaint.

27.     Defendants thus added to the likelihood of confusion between GIOVANNI, a trademark used by GFI for its famous pizza, and their own "FAMOUS GIOVANNI'S PIZZA" trademark, by utilizing their trademark in a manner virtually indistinguishable from that used by GFI in the same channels of trade.

28.     Defendants' utilization of this deceptive presentation of their Infringing Mark constitutes, in addition to their unauthorized use of the GIOVANNI mark, a separate basis for a

finding of likelihood of consumer confusion, intent to deceive and unfair competition.

29.     Defendants utilized the Infringing Mark FAMOUS GIOVANNI'S PIZZA not only on one or more such storefronts but on packaging for pizza and other food sold and delivered by Defendants in the same market in which plaintiff's restaurants operate.

30.     Defendants also utilized the Infringing Mark FAMOUS GIOVANNI'S PIZZA in promotional and advertising materials distributed and available in the tri-state area including on the Internet.

31.     Since 2009, Defendants have continued to open additional pizzeria restaurants in the South Bronx and to offer their goods and services competing unfairly with GFI and deceiving the public by utilizing the Infringing Mark FAMOUS GIOVANNI'S PIZZA throughout the metropolitan area.

32.     Defendants' actions give every indication of being willful.

33.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, GFI owns all right, title and interest in and to the Mark, and holds exclusive rights to market and sell its restaurant related goods and services under the Mark.

34.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants have used the Infringing Mark in interstate commerce by soliciting customers throughout the country in connection with its restaurants, and through operating websites that directly promote Defendants' restaurants and the Infringing Mark.

35.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants' use of the GIOVANNI name and trademark in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of their goods services bearing and in association with the sale of inferior, but categorically similar, products and services constitutes

6

use in commerce by them of the GIOVANNI name and trademark.

36. By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants' use of the Infringing Mark in connection with the sale, offers of sale, distribution, promotion and advertisement of their goods services, and by specifically offering goods services similar to those offered by GFI under its Mark, is likely to cause confusion or to deceive consumers as to the affiliation, connection or association of GFI or its Marks, with Defendant and its Infringing Mark.

37. By virtue of defendants' default, it is deemed admitted by them that, as alleged, GFI does not and has never sponsored or approved of or authorized Defendants' use of the Infringing Mark and that Defendants' use of the Mark is thus completely without GFI's permission or authority and in total disregard of GFI's right to control its trademark.

38. By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants' activities are calculated and intended to deceive and are likely to deceive consumers into believing that the restaurants promoted under the Infringing Mark are affiliated with GFI's restaurants, or that GFI has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' business activities, all to the detriment of GFI.

39. By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants' acts are deliberate and intended to confuse the consuming public as to the source of defendants' services, to injure GFI and to reap the benefit of GFI's goodwill associated with the Mark.

40. By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants are capitalizing on and profiting from the consumer confusion between the Mark and Defendants' Infringing Mark.

41.     Based on the Affidavit of Thelma Hernandez, filed on the date hereof by plaintiff in support of its inquest submission, defendants' infringement continues to this day.

**E.     Damages**

42.     As set forth in the Affidavit of Melvin Fastow, CPA (the "Fastow Affidavit"), the accountant for GFI, plaintiff's business suffered a total reduction in profits in the amount of $84,987.00 as a result of defendants' activities, due to a drop-off in sales far in excess of an amount that could be explained by any other known factor, including the state of the economy.

43.     For example, while restaurant sales declined in 2008 and 2009, the declines were in the range of 1.2-2.9% compared to previous years.  As set further set forth in the Fastow Affidavit, GFI suffered a loss in sales between years 2008 and 2009, in the amount of $1668.00 after accounting for inflation, following the opening of defendants' pizza restaurants utilizing the GIOVANNI'S name, and no other reason for such a decline is known or apparent.

44.     A smaller decline in profitability of $5,877.00 in 2009-2010, while less dramatic, can be explained by a substantial increase in curative and additional advertising and promotion of its restaurants to offset the effect of defendants' activities.  The cost of this additional advertising and promotion, established by the Fastow Affidavit as being the amount dedicated to responding to Defendants' anticompetitive activities as opposed to GFI's usual budget for such items,  totaled $147,105.00 over the two years.

**E.     Procedural History**

45.     The Summons and Complaint in this action was filed on April 15, 2011 and was served personally upon Avdulj Hakakin and Famous Giovanni's, Inc. on May 19, 2011. Proof of service was filed with the Court on June 1, 2011.

46.     In the Complaint, Plaintiff sought relief under the following causes of action: (1)

8

Federal trademark infringement under 15 U.S.C. § 1125(a); (2) federal false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (3) unfair competition under N.Y. Gen. Bus. Law §§ 349 and 350; (4) injury to business reputation and dilution under N.Y. Gen. Bus. Law § 360-l; and (5) unfair competition under the common law.

47.     More than one hundred and twenty (120) days have elapsed since service of the Complaint, and the Defendants have failed to appear, answer or otherwise move with respect to the Summons and Complaint, and the time for the Defendants to do so has not been extended. As a result of defendants' failure to timely respond to the Complaint, on July 19, 2011, the Clerk entered a Certificate of Default against Defendants.

48.     On August 8, 2011, District Judge Paul G. Gardephe ordered that GFI be granted a default judgment against the Defendants and referred the case to a Magistrate Judge for an inquest on damages.

49.     Because GFI has no adequate remedy at law, GFI seeks, in addition to damages, an injunction permanently enjoining Defendants from continuing to utilize GFI's Marks, or any portion thereof, for any purpose.

50.     In addition to permanent injunctive relief, GFI is seeking a judgment for damages against Defendants in an amount of $232,092.00, with interest calculated pursuant to 28 U.S. § 1961 running from January 1, 2009, plus costs and disbursements of this action, and attorneys' fees, which have been calculated in the amount of $ 17843.21, and which fees are reasonable.

**PROPOSED CONCLUSIONS OF LAW**

**A.     Legal Effect of Default**

51.     When a default is entered, the Defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability, *see Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* 506 U.S. 1080 (1993), and a party moving for default judgment is entitled to "all reasonable inferences in its favor." *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir.2009).

52.     "For the purposes of an inquest, a court accepts as true all factual allegations in the complaint, except those claims relating to damages. *See Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d at 65; *see also Finkel v. Romanowicz,* 577 F.3d at 83 n. 6." *Bravado Int'l Group Merch. Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009).

53.     "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing. *Fustok v. Conticommodity Servs., Inc.,* 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd,* 873 F.2d 38 (2d Cir.1989); *see also Transportes Aereos de Angola v. Jet Traders Inv. Corp.,* 624 F. Supp. 264, 266 (D. Del.1985)." *Bravado Int'l Group, id.* at 190.   Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.1991).

54.     "Under the Lanham Act, courts are empowered to award reasonable attorney's fees in exceptional cases. 15 U.S.C. § 1117(a). 'The Second Circuit has explained that such awards are appropriate in instances of ... "willful infringement ." *Sleep Well Mattress, Inc.,* 2009 WL 485186, at *4 (quoting *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* 317 F.3d 209, 221 (2d Cir.2003)). [A Defendant's] default deems its infringement willful. *See Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.,* 630 F.Supp.2d 255, 261 (E.D.N.Y.2008) ('A Defendant's default may be considered as evidence of willful infringement.'); *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.,* No. 03–CV–2132, 2006 WL 728407, at *7 (S.D.N.Y. Mar. 21, 2006) (deeming Defendant's infringement willful based on default, and therefore finding an

award of attorneys' fees appropriate); *Tiffany (NJ) Inc. v. Luban,* 282 F.Supp.2d 123, 124 (S.D.N.Y.2003) ('By virtue of the default, [the Defendants'] infringement is deemed willful.').'' *AW Indus., Inc. v. Sleepingwell Mattress Inc.*, 10-CV-04439 NGG RER, 2011 WL 4404029 (E.D.N.Y. Aug. 31, 2011) *report and recommendation adopted*, 10-CV-04439 NGG RER, 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011).   Accord, *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc*., 09 CIV 5517 RMB AJP, 2009 WL 4351962 (S.D.N.Y. Dec. 1, 2009), *report and recommendation adopted*, 09 CIV. 5517 RMB/AJP, 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009).

55.     Based on the foregoing, defendants are deemed to have admitted the allegations of the Complaint herein; to have acted willfully, and in bad faith, and with intent to deceive.

### B.     Trademark Infringement, Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125

56.     False designations of origin and false descriptions are forbidden by 15 U.S.C. § 1125 which provides, in relevant part as follows:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

57.     Under the Lanham Act, "What plaintiff needs to demonstrate is that it has a valid mark entitled to protection and that Defendant's use of it is likely to cause confusion." *Gruner +*

*Jahr USA Pub., a Div. of Gruner + Jahr Printing and Pub. Co. v. Meredith Corp.,* 991 F.2d 1072, 1075 (2d Cir.1993).   Here, here the marks in question are for all practical purposes identical, this simplified analysis of the question of infringement suffices and the Court need not go through the extensive lists of factors under *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961).  *See*, *Chloe v. Queen Bee of Beverly Hills, LLC,* 06 CIV. 3140 RJH, 2011 WL 3678802 (S.D.N.Y. Aug. 19, 2011), *citing Topps Co., Inc. v. Gerrit J. Verburg Co.,* 41 U.S.P.Q.2d 1412, 1417 (S.D.N.Y.1996) ("[W]here the marks are identical, and the goods are also identical and directly competitive, the decision can be made directly without a more formal and complete discussion of all of the *Polaroid* factors ....").

58.    Under 1125(a)(1), "a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the Defendant used the mark, (3) in commerce, (4) in connection with the sale ... or advertising of goods or services, (5), without the plaintiff's consent.") (internal quotations and citation omitted); *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.,* 425 F.Supp.2d 402, 411 (S.D.N.Y. 2006).

59.    GFI has satisfied the elements necessary to establish a claim for false designation of origin under 15 U.S.C. 5 1125(a).  By virtue of defendants' default, it is deemed admitted by them that, as alleged, GFI owns all right, title and interest in and to the Mark; that, as alleged, Defendants have used the Infringing Mark; that Defendants use was in interstate commerce; that they used the same in connection with the sale, offers of sale, distribution, promotion and advertisement of their goods and services; and they did so without GFI's permission or authority and in total disregard of GFI's right to control its trademark.

60.    Additionally, a junior user's "copying a mark, particularly if it is shown to be intentional copying, can provide evidence of secondary meaning . . ." *Therapy Products, Inc. v.*

12

*Bissoon*, 623 F. Supp. 2d 485, 495 (S.D.N.Y. 2009) *aff'd in part, remanded in part sub nom.*

*Erchonia Corp. v. Bissoon*, 410 F. App'x 416 (2d Cir. 2011). Defendants' copying here is strong

proof of secondary meaning, for otherwise their choice of the arbitrary mark GIOVANNI for

their restaurants is inexplicable.

61.    The foregoing acts of defendants violate Section 43(a) of the Lanham Act, 15

U.S.C. § 1125 and, as set forth *supra*, constitute a willful violation, and plaintiff is entitled to the

remedies provided thereby.

62.    Moreover, courts may also find bad faith by looking to "whether the defendant

adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill and any

confusion between his and the senior user's product." *Lang v. Ret. Living Pub'g Co., Inc.*, 949

F.2d 576, 583 (2d Cir.1991).

63.    "Where a second-comer acts in bad faith and intentionally copies a trademark or

trade dress, a presumption arises that the copier has succeeded in causing confusion."

*Paddington Corp. v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 586 (2d Cir. 1993).

64.    Thus in addition to the imputed admission of bad faith by defendants because of

their default, therefore, their use of an identical trademark, as well as their use of nearly identical

graphical and lettering presentations of that mark, to that of plaintiff in order to sell categorically

identical goods in the same geographic area to the same customers leads to a finding of bad faith

intention to infringe.

**C.    Unfair Competition under N.Y. Gen. Bus. Law §§ 349 and 350 and Under the
Common Law**

65.    N.Y. Gen. Bus. Law § 349 reads, in relevant part, as follows:

> Deceptive acts or practices in the conduct of any business, trade or commerce or
> in the furnishing of any service in this state are hereby declared unlawful…[and
> that] any person who has been injured by reason of any violation of this section

may bring an action in his own name to enjoin such unlawful act or practice, [and] an action to recover his actual damages...[and the] court may award reasonable attorney's fees to a prevailing plaintiff.

66.     N.Y. Gen. Bus. Law § 350 reads, in relevant part, as follows:

False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

67.     The standards and requirements for establishing unfair competition under New York common law and under the Lanham Act are the same. *Construction Technology, Inc. v. Lockformer Co.*, 704 F. Supp. 1212, 1222 (S.D.N.Y. 1989). Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides that a party has engaged in unfair competition if "in commercial advertising or promotion, [that party] misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." *Ergotron, Inc. v. Hergo Ergonomic Support Sys., Inc.*, 94 CIV. 2732, 1996 WL 143903 (S.D.N.Y. Mar. 29, 1996).

68.     Under N.Y. Gen. Bus. Law §§ 349 and 350 a plaintiff will prevail by demonstrating that the defendant engaged in a commercial practice or used an advertisement which was misleading in a material respect, and that the deceptive practice or advertising injured the plaintiff.  *Ergotron*, *id*.

69.     As set forth above, GFI has satisfied the elements necessary to establish a claim of unfair competition.

70.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, GFI has expended substantial time, resources and effort to develop itself into an established and well known restaurant chain, along with the goodwill of its Mark associated therewith.

71.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, Defendants have knowingly and willfully misappropriated the Mark, and are creating the false

impression that use of the Infringing Mark is sanctioned by GFI in order to arrogate to themselves all of the goodwill associated with the Mark and GFI.  Defendants' unlawful acts in appropriating rights in the Mark were intended to capitalize on GFI's goodwill for Defendant's own pecuniary gain.

72.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, the Infringing Mark being used by Defendants is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendants' restaurants originated with or are authorized by GFI, and has caused and is likely to cause confusion as to the source of Defendant's goods and services, all to the detriment of GFI.

73.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, defendants' acts, as alleged above, constitute unfair competition and will continue to result in the destruction or diversion of GFI's goodwill in its Mark, not to mention the diversion of GFI's existing and potential customers.

74.     By virtue of defendants' default, it is deemed admitted by them that, as alleged, defendants committed the acts alleged in the Complaint willfully with the intent to confuse the public and to injure GFI.

75.     Additionally, defendants have violated the common law of New York as to unfair competition.  "The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another." *Saratoga Vichy Spring Co., Inc. v. Lehman,* 625 F.2d 1037, 1044 (2d Cir.1980) (collecting cases); *see*, *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008).

76.     Based on the foregoing, defendants have violated N.Y. Gen. Bus. Law §§ 349 and 350 and New York's common law, and GFI is entitled to the remedies provided thereby.

**D.    Injury to Business Reputation and Dilution under N.Y. Gen. Bus. Law § 360-l**

77.    N.Y. Gen. Bus. Law § 360-l reads, in relevant part, as follows:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

78.    A plaintiff will succeed in establishing a right to relief under N.Y. Gen. Bus. Law § 360-l by showing that (1) its trademark "is of truly distinctive quality or has acquired secondary meaning" and (2) "there is a likelihood of dilution." *MasterCard Int'l Inc. v. Nader 2000 Primary Comm., Inc.*, 00-CIV-6068, 2004 WL 434404 (S.D.N.Y. Mar. 8, 2004) (internal quotation marks omitted).

79.    As set forth at length above, by virtue of defendants' default, they are deemed to have admitted all the allegations of the Complaint including allegations that more than adequately meet these standards, as set forth in ¶¶ 12-20 of the Complaint and repeated herein.

80.    Based on the foregoing, defendants have violated N.Y. Gen. Bus. Law §§ 360-1 and GFI is entitled to the remedies provided thereby.

**E.    Remedies**

81.    Upon a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a party is entitled to recover "(1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action." 15 U.S.C.A. § 1117(a) (West 2006). *Johnson & Johnson Vision Care, Inc.* v. CIBA Vision Corp., 04CIV.7369(LTS)(HBP), 2006 WL 2128785 (S.D.N.Y. July 28, 2006).

82.    "It is 'well settled' that a plaintiff will be entitled to damages upon establishing . . . that the defendant's actions were intentionally deceptive thus giving rise to a rebuttable presumption of consumer confusion.'" *Malletier v. Dooney & Bourke, Inc.*, 500 F. Supp. 2d

276, 279 fn. 8 (S.D.N.Y. 2007), quoting *George Basch Co., Inc. v. Blue Coral, Inc*., 968 F.2d 1532, 1537 (2d Cir. 1992).

83.    An accounting of profits is available "the defendant is unjustly enriched, if the plaintiff sustained damages from the infringement, or if the accounting is necessary is to deter a willful infringer from doing so again." *George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir.1992), quoting *W.E. Bassett Co. v. Revlon Inc.,* 435 F.2d 656, 664 (2d Cir.1970).

84.    Where a "defendant has failed to file an answer or otherwise submit any evidence to contradict the allegations set forth in the Complaint[, d]efendant's infringement of plaintiff's mark is . . . deemed willful." *Prot. One Alarm Monitoring, Inc. v. Executive Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 207 (E.D.N.Y. 2008), citing *Tiffany (NJ) v. Luban,* 282 F.Supp.2d 123, 124 (S.D.N.Y. 2003) and *Fallaci v. The New Gazette Literary Corp.,* 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983).

85.    An individual who is a moving, active, conscious force behind the infringing conduct of a corporation can be held personally liable under the Lanham Act. *Bambu Sales, Inc. v. Sultana Crackers,* 683 F.Supp. 899, 913 (E.D.N.Y.1988) (quoting *Polo Fashions, Inc. v. Branded Apparel Merch.,* 592 F.Supp. 648 (D.Mass.1984)). Demonstrating that an officer "authorized and approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability." *Bambu Sales,* 683 F.Supp. at 913 (internal punctuation and quotation marks omitted).

86.    The allegations regarding the central role of defendant Hakakin meet this standard.  It is alleged, and it is deemed admitted, that Hakakin was a former employee of plaintiff GFI and that he incorporated the Corporate Defendant.  Indeed he is the only person alleged to have committed the acts alleged herein.  By virtue of his default, he is deemed to have

admitted his personal role in those acts as alleged throughout the Complaint.

87.     Plaintiff is entitled to a permanent injunction.  In cases where confusion about the origin of goods leads to damage to reputation or loss of a potential relationship with a customer that "would produce an indeterminate amount of business in years to come," monetary damages are difficult to establish and are unlikely to present an adequate remedy at law. *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 404 (2d Cir.2004) (citing *Ticor Title Ins. Co. v. Cohen,* 173 F.3d 63, 69 (2d Cir.1999)).

88.     "A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Pitbull Prods., Inc. v. Universal Netmedia, Inc.,* No. 07 CV 1784(RMB)(GWG), 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007).  . . . [T]he first prong is satisfied, as the Lanham Act permits the entry of a permanent injunction to prohibit future trademark violations.  *See* 15 U.S.C. § 1116(a)."  *Rolex Watch, U.S.A., Inc. v. Pharel*, 09 CV 4810 RRM ALC, 2011 WL 1131401 (E.D.N.Y. Mar. 11, 2011) *report and recommendation adopted*, 09-CV-4810 RRM ALC, 2011 WL 1130457 (E.D.N.Y. Mar. 28, 2011).

89.     "To fulfill the second prong, Plaintiff must establish both actual success on the merits and irreparable harm. . . .  Due to Defendants' default, the Court must deem actual success on the merits established."  *Id.*

90.     Plaintiff is entitled to attorneys' fees as set forth above based on defendants' status as a willful infringer under the Lanham Act.  "The Lanham [A]ct specifically provides that 'the court in exceptional cases may award reasonable attorney fees to the prevailing party.' 15 U.S.C. § 1117(a). A willful infringement may be considered an exceptional case under the

Lanham Act." *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.,* 269 F.Supp.2d 118, 124 (W.D.N.Y.2002)(citing Second Circuit authority); *GTFM, Inc. v. Solid Clothing Inc.,* 215 F.Supp.2d 279, 305-06 (S.D.N.Y.2002) ("'Exceptional' circumstances include willful infringement."). *See*, *Silhouette Int'l Schmied AG v. Vachik Chakhbazian*, 04 CIV.3613 RJH AJP, 2004 WL 2211660 (S.D.N.Y. Oct. 4, 2004).

91.    Plaintiff is, in the alternative, entitled to attorneys' fees under N.Y. Gen. Bus. Law § 349, which provides that where a plaintiff succeeds in demonstrating a defendant's violation of that statute, the court "may award reasonable attorney's fees to a prevailing plaintiff."

92.    Plaintiff's counsel's rates as set forth in the accompanying declaration of counsel are reasonable.  See, e.g., *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.*, *id.*

Respectfully submitted,

Ronald D. Coleman (RC-3875)

Marcus A. Nussbaum (MA 9581)
GOETZ FITZPATRICK LLP
One Penn Plaza – Suite 4401
New York, NY   10119
212.695.8100
rcoleman@goetzfitz.com
mnussbaum@goetzfitz.com
*Attorneys for Plaintiff*
*Grand Fia, Inc.*

Dated:    October 3, 2011
          New York, New York